CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Chris Carson, SBN 280048
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>                Plaintiff,<br><br>v.<br><br>**Stanford & 9th Enterprises, LLC**, a California Limited Liability Company; **Guadalupe Osornio Pimentel**; and Does 1-10,<br><br>                Defendants. | Case No. 2:17-CV-05668-DSF-SS<br><br>**PLAINTIFF'S MOTION TO STRIKE APPLICATION FOR STAY AND EARLY MEDIATION OF DEFENDANT STANFORD & 9TH ENTERPRISES, LLC**<br><br>Date: December 18 2017<br>Time: 1:30 p.m.<br>Courtroom: 7D<br><br>Hon. Judge Dale S. Fischer |

To all Defendants and their attorneys of record:

    Please take notice that on December 18, 2017 at 1:30 p.m. or as soon thereafter as the matter may be heard, before the Honorable Dale S. Fischer, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California, Plaintiff CHRIS LANGER will and hereby does move this Court to strike the Application for Stay and Early Mediation of Defendant STANFORD & 9th ENTERPRISES, LLC, a California Limited Liability Company. This motion will be based upon this notice and motion, the arguments presented below, the exhibits filed herewith, and all other papers filed with the Court and oral argument, if any. This motion is made following the conference of counsel and pro per defendant pursuant to L.R. 7-3 which took place via letter on November 8, 2017.

Dated: November 15, 2017

CENTER FOR DISABILITY ACCESS

By: /s/ Chris Carson
CHRIS CARSON
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT FACTS

On August 1, 2017, Plaintiff filed this action against Defendants Stanford & 9th Enterprises, LLC and Guadalupe Osornio Pimentel, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (Doc. No. 1). On August 25, 2017, Defendant Stanford & 9th Enterprises, LLC's agent for service of process, Mr. Nasser D. Haverim, was personally served. (Doc. No. 7). On September 11, 2017, Defendant Guadalupe Osornio Pimentel was likewise served. (Doc. No. 8). On September 11, 2017 and September 22, 2017, Plaintiff moved for entry of default due to Defendants' failure to answer or otherwise defend against the lawsuit. (Doc. Nos. 9 and 16). Thereafter, on September 13, 2017 and September 26, 2017, the Clerk granted Plaintiff's request for entry of default against Defendants Stanford & 9th Enterprises, LLC and Guadalupe Osornio Pimentel. (Doc. Nos. 11 and 17).

On October 26, 2017, Mr. Haverim filed an Application for Stay and Early Mediation on behalf of Defendant Stanford & 9th Enterprises, LLC. (Doc. No. 19). Mr. Haverim is not an attorney, and is not licensed to practice law in the State of California.

To date, Defendant Stanford & 9th Enterprises, LLC remains unrepresented by counsel. Because a corporation must appear through counsel and because this defendant is currently in default, Plaintiff requests that the Court strike Defendant Stanford & 9th Enterprises, LLC's Application for Stay and Early Mediation.

## II. LEGAL STANDARD FOR A MOTION TO STRIKE

Under Federal Rule of Civil Procedure 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th Cir.2010) (quoting

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527). Within 21 days after the service of the offending pleading, a party may file a motion to strike. Fed. R. Civ. Pro. 12 (f)(2). Here, the instant motion is filed within 21 days of the service of Defendant Stanford & 9th Enterprises, LLC's Application for Stay and Early Mediation and is therefore timely.

### III. A DEFENDANT CORPORATION MUST BE REPRESENTED BY COUNSEL

While an individual litigant enjoys the right to represent him/herself, corporations and associations must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).  See also *D–Beam Limited Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir.2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney.") Moreover, Local Rule 83-2.2.2 states that "[o]nly individuals may represent themselves *pro se*. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."

**A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona**." (*Paradise v. Nowlin* (1948) 86 C.A.2d 897, 195 P.2d 867; see 8 A.L.R.5th 653; 2 *Cal. Proc.* (4th), *Courts,* § 285.), emphasis added, citing, (*Bennie v. Triangle Ranch Co.,* 73 Colo. 586 [216 P. 718]; *Mortgage Comm. v. Great Neck Imp. Co.,* 162 Misc. 416 [295 N.Y.S. 107, 112]; *Aberdeen Bindery v. Eastern States etc. Co.,* 166 Misc. 904 [3 N.Y.S.2d 419, 423]; *Finox Realty Corp. v. Lippman,* 163 Misc. 870 [296 N.Y.S. 945, 949]; *899 J. T. Whalen, Inc. v. Pritzert,* 167 Misc. 471 [3 N.Y.S.2d 418]; *Nispel v. Western Union R. R. Co.,* 64 Ill. 311, 314; *Nixon, Ellison & Co. v. Southwestern Ins. Co.,* 47 Ill. 444, 446; *Kankakee Drainage Dist. v. Commissioners,* 29 Ill.App. 86, 87; *State Bank v. Bell,* 5 Blackf. (Ind.) 127;

*Culpeper Natl. Bank v. Tidewater Imp. Co.,* 119 Va. 73 [89 S.E. 118, 120]; *Clark v. Austin,* 340 Mo. 467 [101 S.W.2d 977, 982]; *New Jersey Photo Eng. Co. v. Carl Schonert & Sons,* 95 N.J.Eq. 12 [122 A. 307]; *Black & White Operating Co. v. Grosbart,* 107 N.J.L. 63 [151 A. 630, 633]; *State v. Passaic Co. Agr. Soc.,* 54 N.J.L. 260 [23 A. 680]. See also *Union Pacific Ry. Co. v. Horney,* 5 Kan. 340, 347; *Cary & Co. v. F. E. Satterlee & Co.,* 166 Minn. 507 [208 N.W. 408, 409]).

Here, Mr. Haverim filed an Application for Stay and Early Mediation on behalf of Defendant Stanford & 9th Enterprises, LLC, a California Limited Liability Company. Mr. Haverim is not an attorney. Defendant is in violation of well-established law. There can be no resolution to this matter, streamlined or otherwise, without a proper appearance by Defendant. There is no statutory or other authority to allow Mr. Haverim to appear before this Court on behalf of Defendant Stanford & 9th Enterprises, LLC. There is no statutory or other authority to allow Defendant Stanford & 9th Enterprises, LLC to proceed before this Court in pro-per. Therefore, the Application for Stay and Early Mediation filed on October 26, 2017 should be stricken in its entirety

### IV. A DEFAULTED DEFENDANT CANNOT APPEAR

Entry of a defendant's default cuts off his or her right to appear in the action or to present evidence. (Clifton v. Tomb (4th Cir. 1927) 21 F2d 893, 897) An Answer, or other responsive pleading, should not be accepted after default has been entered. Should the clerk accept such a filing, the court must order it stricken. The only procedure available to the defendant is to file a motion to set aside the default (under FRCP 55(c).) Here, default was entered against Stanford & 9th Enterprises on September 13, 2017, over a month before the application for stay was filed. Thus, the application should have been rejected and/or stricken.

///

///

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court strike the Application for Stay and Early Mediation of Defendant Stanford & 9th Enterprises, LLC, and resulting Order, in its entirety.

Dated: November 15, 2017          CENTER FOR DISABILITY ACCESS

By: /s/ Chris Carson
CHRIS CARSON
Attorneys for Plaintiff