UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 17-5668 DSF (SSx) | Date | 12/12/17 |
| Title | Chris Langer v. Stanford & 9th Enterprises, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion to Strike (Dkt. 25) and VACATING the Court's October 31, 2017 Order (Dkt. 21)

This matter is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for December 18, 2017 is removed from the Court's calendar. For the reasons stared below, the motion is GRANTED.

On August 1, 2017, Plaintiff Chris Langer filed a complaint alleging Defendants Stanford & 9th Enterprises, LLC and Guadalupe Osornio Pimentel violated the Americans with Disabilities Act and California's UNRUH Civil Rights Act by failing to provide parking spaces for handicapped individuals at Mi Dulceria Mexicana store in Los Angeles. Dkt. 1. On September 13 and September 26, entry of default was recorded for Stanford & 9th and Pimentel, respectively. Dkts. 11, 17. On October 26, 2017, Nasser D. Haverim, purportedly on behalf of Stanford & 9th, filed an application to stay the case and submit the matter to early mediation. Dkt. 19. On October 31, the Court granted the application. Dkt. 21.

On November 15, 2017, Plaintiff filed this motion to strike Defendant Stanford & 9th's application to stay on the basis that Mr. Haverim is not an attorney. Defendant's opposition was due on November 27, 2017. Local Rule 7-9. No opposition has yet been filed; the Court deems lack of opposition to be consent to the motion. Local Rule 7-12;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994).

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (emphasis added); see also D-Beam Ltd. v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (citation omitted); Local Rule 83-2.2.2 ("No organization or entity of any other kind . . . may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-21.").

The Court agrees that the application was improper, and thus VACATES its October 31, 2017 Order granting the application. If Defendant Stanford & 9th wishes to seek relief from default, it must do so through counsel and by a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. See, e.g., Hawaii Carpenters' Tr. Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

IT IS SO ORDERED.